UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HELGA G. TYSZLAK,

    Plaintiff,

v.                                                Case No.:   2:23-cv-277-SPC-KCD

SHELLPOINT MORTGAGE
SERVICING LLC,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Helga Tyszlak's pro se Ex Parte Motion for Temporary Restraining Order. (Doc. 2). As best the Court can tell, Shellpoint Mortgage Servicing LLC foreclosed on Tyszlak's home last week, and Tyszlak has come to this Court to undo it because of fraud and deception.[2] Meanwhile, Tyszlak moves for a temporary restraining order ("TRO") to, among other things, "prevent[ ] the transfer of the Property to the winner of any auction" and "[f]or the costs of repairing [her] credit." (Doc. 2 at 14).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] It is unclear whether Tyszlak is trying to remove the underlying state foreclosure action or file an independent suit. The confusion is because Tyszlak's papers (Doc. 1; Doc. 2) use the case caption from the state court, and she refers to herself as the defendant and Shellpoint as the plaintiff. The Court need not delve into these deficiencies now, as they are better addressed when deciding the pending motion to proceed *in forma pauperis*. (Doc. 3).

An TRO is an "extraordinary and drastic remedy." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The purpose of TROs is to preserve the status quo so a court may hear a reasoned resolution of the dispute. Courts grant TROs only if the movant shows (1) she will likely succeed on the merits; (2) she will suffer irreparable injury without an injunction; (3) the injunction would not substantially harm the defendant; and (4) if issued, the injunction would hurt the public's interest. But the Court need not address these elements because Tyszlak's TRO motion has too many procedural shortcomings to overlook.

To get a TRO, the movant must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Such certification is lacking here. The Court could deny for this reason alone. *See Night Owl SP, LLC v. Dongguan Auhua Elecs. Co. Ltd.*, No. 2:19-cv-109-FtM-38UAM, 2019 WL 1976447, at *1 (M.D. Fla. Mar. 4, 2019). But it isn't alone. Tyszlak has provided no affidavit or verified complaint supporting the Motion—the rules require one sworn paper. Fed. R. Civ. P. 65(b)(1)(A). Nor does she describe the necessary security. M.D. Fla. R. 6.01(a)(3) (A TRO "must include . . . a precise and verified explanation of the amount and form of the required security."). These are all reasons to deny the TRO. *Lara v. Moghraby*, No. 8:19-cv-2798-60SPF, 2019 WL 6487321, at *2 (M.D. Fla. Dec. 3, 2019).

Accordingly, it is now

**ORDERED:**

Helga Tyszlak's pro se Ex Parte Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 1, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record